Jason M. Erlich, Bar No. 203661
  Email: *jason@mcelawfirm.com*
MCCORMACK AND ERLICH, LLP
150 Post Street, Suite #742
San Francisco, CA 94108
Tel:    (415) 296-8420
Fax:    (415) 296-8552

Attorneys for Plaintiff
Francisco Socarras (f/k/a Francisco Mesquita)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO SOCARRAS, | Case No. |
| Plaintiff, | |
| vs. | **COMPLAINT FOR DAMAGES** |
| GOLDEN STATE FC, LLC; AMAZON FULFILLMENT SERVICES, INC.; AMAZON, INC.; and DOES 1 to 25, | |
| Defendants. | **JURY TRIAL DEMAND** |

Plaintiff Francisco Socarras (formerly known as Francisco Mesquita) ("Plaintiff" or "Socarras") complains against each defendant, demands a trial by jury of all issues, and for causes of action alleges:

**PARTIES**

1.      Plaintiff is informed and believes and, on that basis, alleges that defendant Golden State FC, LLC (hereafter "Golden State FC") is a business entity, registered and licensed to conduct business in the State of California.  At all times relevant to this complaint, Golden State FC was and is an "employer" as that term is defined by California Government Code § 12926(d).

2.      Plaintiff is informed and believes and, on that basis, alleges that defendant Amazon Fulfillment Services, Inc. (hereafter "Amazon Fulfillment Services" or "AFS") is a business entity, registered and licensed to conduct business in the State of California.  At all times relevant to this

- 1 -

MCCORMACK & ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

1  complaint, Amazon Fulfillment Services was and is an "employer" as that term is defined by

2  California Government Code § 12926(d).

3      3.      Plaintiff is informed and believes and, on that basis, alleges that defendant Amazon,

4  Inc. (hereafter "Amazon") is a business entity, registered and licensed to conduct business in the State

5  of California.  At all times relevant to this complaint, Amazon was and is an "employer" as that term

6  is defined by California Government Code § 12926(d).

7      4.      Plaintiff is informed and believes and, on that basis, alleges that Amazon, Inc. wholly

8  owns, is the parent corporation of, or has a significant financial stake in defendants Golden State FC

9  and Amazon Fulfillment Services.  Defendants Golden State FC, Amazon Fulfillment Services, and

10  Amazon, Inc. are referred to in this complaint collectively as "Amazon" or the "Amazon Defendants"

11  and individually by their specific corporate name where appropriate.

12      5.      Plaintiff is and was, at the time of the acts alleged herein occurred, an adult residing in

13  the State of California.  At all times relevant to this complaint, Socarras was employed by the

14  Amazon Defendants and was therefore an "employee" as that term is defined by California

15  Government Code § 12926(c).

16      6.      Socarras sues fictitious defendants Does 1 through 25 (hereafter "Doe defendants")

17  because the true names and capacities of such Doe defendants are not presently known to him.

18  Socarras will amend this complaint to allege the true names and capacities of Doe defendants when

19  the true names of such Doe defendants are determined.

20      7.      Socarras is informed and believes that each of the Doe defendants was responsible in

21  some way for the occurrences and injuries alleged in this complaint.  Socarras is informed and

22  believes that in doing the things alleged in this complaint, each defendant was acting as an agent,

23  master, servant, employer, employee or partner of every other defendant, was acting within the

24  course and scope of this agency or employment relationship, and was acting with the consent,

25  permission, and authorization of each of the remaining defendants.  Socarras is also informed and

26  believes that all actions of each defendant alleged in this complaint were ratified and approved by the

27  officers or managing agents of every other defendant.

28

McCORMACK & ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

COMPLAINT FOR DAMAGES

McCORMACK & ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

9.      This Court has also has original jurisdiction pursuant to 28 U.S.C. § 1331 over civil actions arising under the Constitution, laws or treaties of the United States as Plaintiff brings this action under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.

10.      Venue is proper in this Court as the allegations of unlawful employment practices and the events that gave rise to this action occurred in the State of California.

11.      This Court has supplemental jurisdiction over plaintiff's state law claims for violations of the California Fair Employment and Housing Act, California Government Code §§ 12940 et seq. (hereafter "FEHA") pursuant 28 U.S.C. § 1367.

## EXHAUSTION OF ADMINISTRATIVE PROCEEDINGS

12.      On or about September 21, 2016, Socarras filed with the Equal Employment Opportunity Commission ("EEOC") a charge of discrimination against the Amazon Defendants.  As is its practice, the EEOC cross-filed the claims with the Department of Fair Employment and Housing (hereinafter "DFEH").  On October 5, 2016, the DFEH issued a Right-To-Sue Notice to plaintiff.

13.      On March 17, 2017, prior to initiating this complaint, Socarras amended his charge of discrimination with the EEOC.

14.      On April 12, 2017, the EEOC issued a Notice of Case Closure and Right-to-Sue letter to Socarras, authorizing him to file a private law suit against Defendants in order to enforce his rights under the federal Americans with Disabilities Act ("ADA") and FEHA to full and equal employment opportunities free from unlawful discrimination.  Socarras has exhausted all administrative remedies required by the ADA and FEHA as a prerequisite to filing this action.

## FACTUAL ALLEGATIONS COMMON TO MORE THAN ONE CAUSE OF ACTION

15.      Socarras began his employment with the Amazon Defendants in August 2014 in the Tracy, California warehouse.  Socarras's job title with the Amazon Defendants was "Tier 1

- 3 -

McCORMACK & ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

1  employee" meaning he worked at various tasks including packing out customer orders, sorted orders

2  or worked the gift wrap station.

3      16.    Socarras developed heart problems related to his aortic valve.  These heart problems

4  necessitated surgery to replace his aortic valve with a mechanical valve.  In approximately March

5  2015, Socarras requested medical leave to have this valve replacement surgery.  In June 2015,

6  Socarras returned to work at Amazon.

7      17.    However, because of his new mechanical valve, Socarras was required to give himself

8  a blood thinner shot in order to keep his blood from clotting and possibly interfering with the

9  operation of his mechanical aortic valve.  These shots had to be administered on a regular schedule at

10  approximately 10 a.m. and 10 p.m.   In order to give himself this shot, Socarras was required to leave

11  his Amazon workstation, go to his locker to retrieve his medication; go to either the bathroom or the

12  Amazon Am Care office; and inject the needle into his torso area.  In total, this would take no more

13  than 5 to 10 minutes.  However, Socarras was told by various managers and supervisors that he was

14  not allowed to leave his work station because it would slow down Amazon's efficiency rates or

15  would slow down productivity in processing orders.  Despite these repeated denials from supervisors,

16  Socarras would leave his station in order to administer these necessary and life-preserving shots.

17      18.    Sometime in February 2016, while at work Socarras felt extreme pains in his chest and

18  was in such distress that an ambulance was called to the Tracy warehouse.  Socarras was taken from

19  his job site via ambulance to a Kaiser hospital.  While at Kaiser, Socarras learned that he would need

20  to take additional medical leave to deal with complications related to his aortic valve.

21      19.    Socarras applied for medical leave over the phone with the Amazon Defendants'

22  medical leave department, known as the Leave of Absence and Accommodations ("LOAA").

23  Socarras was told over the phone that his medical leave of absence was approved.  Socarras also

24  informed his immediate supervisor Paulina Beys, Area Manager, and a second manger Tariq Packer,

25  Area Manager, that he needed and would be taking medical leave.  Each of these managers verbally

26  informed Socarras that his leave was approved.

27      20.    During his leave of absence, Socarras contacted the Amazon Defendants' LOAA

28  department and discussed various options regarding his leave.  During these phone calls, Socarras

- 4 -

COMPLAINT FOR DAMAGES

McCORMACK & ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

1  was told that he did not have enough hours to qualify for paid leave of absence.  However, Socarras

2  was assured that his leave was unpaid.

3      21.    On April 4, 2016, Socarras returned to work and he continued to work until April 7.

4  On April 8, Socarras was contacted by a human resources representative, Kimberly Greenwell.  Ms.

5  Greenwell informed Socarras that his employment was terminated because his leave of absence was

6  not approved.

7      22.    Had the Amazon Defendants engaged in meaningful interactive process dialogue, they

8  would have learned that possible accommodations for Socarras's disability would have included, but

9  were not limited to: allowing Socarras a few minutes during his work shift to administer his life

10  saving blood thinner medications; allowing Socarras a short unpaid leave of absence in order to

11  recover from complications related to his aortic valve surgery that led to his medical leave in

12  February 2016; offering or making available a part-time or modified schedule to Socarras; or

13  reassigning Socarras to other positions within the Amazon Defendants' company that he could

14  perform if it was agreed that Socarras's medical condition precluded him from performing the

15  essential functions of his job.  All of these accommodations were reasonable, would have cost the

16  Amazon Defendants little or no money to implement, would not have been an undue hardship to the

17  Amazon Defendants, and would have allowed Socarras to continue his employment with the Amazon

18  Defendants.

19                          **First Cause of Action**
                    **DISABILITY DISCRIMINATION**
20      **IN VIOLATION OF THE FAIR EMPLOYMENT & HOUSING ACT**
                      **Cal. Gov. Code § 12940(a)**
21                      **Against All Defendants**

22      23.    Plaintiff re-alleges and incorporates into this Cause of Action each and every

23  allegation in the foregoing paragraphs as if fully restated herein.

24      24.    California Government Code § 12940(a) makes it an unlawful employment practice

25  for an employer to discharge an employee from employment or to otherwise discriminate against an

26  employee in compensation or in terms, conditions, privileges of employment because of the

27  employee's physical disability.

28      25.    Socarras was a disabled individual with a physical disability fully qualified and

- 5 -

competent to perform the essential duties to which he was assigned; prior to his disability was

performing those job duties; and was fully capable and competent to perform the essential functions

of the job had he been reinstated with a reasonable accommodation.

26.     The Amazon Defendants and Doe defendants, through their acts and omissions,

discriminated against Socarras because of his physical disability in violation of Government Code §

12940(a), by engaging in the course of conduct more fully set forth in the preceding paragraphs of

this complaint.

27.     This course of conduct included, but was not limited to: refusing to provide a

reasonable accommodation for Socarras's physical disability even though Defendants were aware

that his disability would not interfere with his ability to perform the job-related functions of his

position; refusing to engage in a meaningful interactive process with Socarras about his physical

disability; and ultimately terminating his employment, all because of Socarras's physical disability.

Socarras alleges that the purported reason for his termination was pretextual and a subterfuge to cover

up Defendants' true intent to discriminate, retaliate or terminate Socarras, or all of these, in violation

of the rights protected by FEHA.

28.     As a direct and proximate cause of the unlawful employment practices as stated in this

cause of action by the Amazon Defendants and Doe Defendants, Socarras suffered damages by these

defendants' wrongful acts as stated in the section below entitled "DAMAGES," which is incorporated

here to the extent pertinent as if set forth here in full.

**Second Cause of Action**
**FAILURE TO ACCOMMODATE**
**IN VIOLATION OF THE FAIR EMPLOYMENT & HOUSING ACT**
**Cal. Gov. Code § 12940(m)**
**Against All Defendants**

29.     Plaintiff re-alleges and incorporates into this Cause of Action each and every

allegation in the foregoing paragraphs as if fully restated herein.

30.     Government Code § 12940(m) makes it an unlawful employment practice for an

employer to fail to make reasonable accommodation for the known physical disability of an

employee.  At all times herein, Socarras was an individual with a physical disability fully qualified

and competent to perform the job duties to which he was assigned; had a disability of which

MCCORMACK & ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

- 6 -

McCORMACK & ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

Defendants were aware; and was performing those job duties prior to the unlawful conduct alleged in this complaint.

31.     The Amazon Defendants and defendant Doe defendants, through their acts and omissions, violated Government Code § 12940(m) by failing to provide a reasonable accommodation for Socarras's known physical disability which could have included but not limited to: allowing Socarras a few minutes during his work shift to administer his life saving blood thinner medications; allowing Socarras a short unpaid leave of absence in order to recover from complications related to his aortic valve surgery that led to his medical leave in February 2016; offering or making available a part-time or modified schedule to Socarras; or reassigning Socarras to other positions within the Amazon Defendants' company that he could perform if it was agreed that Socarras's medical condition precluded him from performing the essential functions of his job; refusing to engage in a meaningful interactive process with Socarras about his physical disability; and ultimately terminating his employment, all because of Socarras's physical disability.

32.     As a direct and proximate cause of the unlawful employment practices as stated in this cause of action by the Amazon Defendants and Doe Defendants, Socarras suffered damages by these defendants' wrongful acts as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

**Third Cause of Action**
**FAILURE TO ENGAGE IN INTERACTIVE PROCESS**
**IN VIOLATION OF THE FAIR EMPLOYMENT & HOUSING ACT**
**Cal. Gov. Code § 12940(n)**
**Against All Defendants**

33.     Plaintiff re-alleges and incorporates into this Cause of Action each and every allegation in the foregoing paragraphs as if fully restated herein.

34.     Government Code § 12940(n) makes it an unlawful employment practice for an employer to fail to engage in a timely, good faith, interactive process to determine a reasonable accommodation for an employee with a known disability.  Government Code § 12926.1 sets forth the legislative intent of the importance of the interactive process to determine the best reasonable accommodation for an employee with a physical disability.

35.     At all times herein, Socarras was an individual with a physical disability fully

- 7 -

McCORMACK & ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

1   qualified and competent to perform the job duties to which he was assigned; had a disability of which

2   Defendants were aware; and was performing those job duties prior to the unlawful conduct allege in

3   this complaint.

4        36.    The Amazon Defendants and defendant Doe defendants, through their acts and

5   omissions, violated Government Code § 12940(n) by failing to engage in good faith in the timely

6   interactive process to determine reasonable accommodations for Socarras's known physical disability

7   by among other things: refusing to provide a reasonable accommodation for Socarras's physical

8   disability even though Defendants were aware that his disability would not interfere with his ability

9   to perform the job-related functions of his position; refusing to engage in a meaningful interactive

10   process with Socarras about his physical disability; and ultimately terminating his employment, all

11   because of Socarras's physical disability.

12        37.    As a direct and proximate cause of the unlawful employment practices as stated in this

13   cause of action by the Amazon Defendants and Doe Defendants, Socarras suffered damages by these

14   defendants' wrongful acts as stated in the section below entitled "DAMAGES," which is incorporated

15   here to the extent pertinent as if set forth here in full.

16   **Fourth Cause of Action**
**FAILURE TO PREVENT DISCRIMINATION IN VIOLATION**

17   **OF THE FAIR EMPLOYMENT & HOUSING ACT**
**Cal. Gov. Code § 12940(k)**

18   **Against All Defendants**

19        38.    Plaintiff re-alleges and incorporates into this Cause of Action each and every

20   allegation in the foregoing paragraphs as if fully restated herein

21        39.    California Government Code § 12940(k) makes it an unlawful employment practice

22   for an employer to fail to take all reasonable steps necessary to prevent discrimination from

23   occurring.  At all times herein, Socarras was an individual with a physical disability fully qualified

24   and competent to perform the job duties to which he was assigned; had a disability of which

25   Defendants were aware; and was performing those job duties prior to the unlawful conduct allege in

26   this complaint.

27        40.    The Amazon Defendants and Doe defendants, through their acts and omissions,

28   violated Government Code § 12940(k) by failing to prevent discrimination against Socarras for his

known physical disability by among other things: refusing to provide a reasonable accommodation for Socarras's physical disability even though Defendants were aware that his disability would not interfere with his ability to perform the job-related functions of his position; refusing to engage in a meaningful interactive process with Socarras about his physical disability; and ultimately terminating his employment, all because of Socarras's physical disability.

41.     Defendants failed to take all reasonable steps to prevent discrimination against Socarras because of his disability; for requesting a reasonable accommodation; for attempting to initiate the interactive process; or for all or some of these reasons, all in violation of FEHA.

42.     As a direct and proximate cause of the unlawful employment practices as stated in this cause of action by the Amazon Defendants and Doe defendants, Socarras suffered damages by these defendants' wrongful acts as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

**Fifth Cause of Action**
**RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT & HOUSING ACT**
**Cal. Gov. Code § 12940(h)**
**Against All Defendants**

43.     Plaintiff re-alleges and incorporates into this Cause of Action each and every allegation in the foregoing paragraphs as if fully restated herein.

44.     California Government Code § 12940(h) makes it an unlawful employment practice for an employer to retaliate against any person because "the person has opposed any practices" or because "the person has filed a complaint, testified, or assisted in any proceeding. . . . "

45.     Socarras was a disabled individual fully qualified and competent to perform the essential duties to which he was assigned, prior to his disability was performing those job duties, was a person with a disability of which Defendants were aware, and was fully capable and competent to perform the essential functions of the job had he been reinstated with a reasonable accommodation.

46.     Socarras opposed Defendants' unlawful employment practices, disability policies, failure to accommodate his physical disability, and failure to engage in the interactive process by, among other things: protesting and objecting to the Defendants' decision to refuse to provide a reasonable accommodation for his physical disability; protesting and objecting to the Defendants'

McCORMACK & ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

McCORMACK & ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

refusal to consider the accommodations proposed by Socarras; and protesting and objecting to the Defendants' decision to terminate his employment when his medical provider had cleared his return to work.

47.     Following Socarras's opposition to Defendants' unlawful discrimination and refusal to accommodate his physical disability, defendant the Amazon Defendants and Doe Defendants, knowingly and intentionally retaliated against Socarras by, among other things: refusing to provide a reasonable accommodation for Socarras's physical disability even though Defendants were aware that his disability would not interfere with his ability to perform the job-related functions of his position; refusing to engage in a meaningful interactive process with Socarras about his physical disability; and ultimately terminating his employment, all because of Socarras's physical disability. Socarras alleges that the purported reason for his termination was pretextual and a subterfuge to cover up Defendants' true intent to discriminate, retaliate or terminate Socarras, or all of these in violation of the rights protected by FEHA.

48.     As a direct and proximate cause of the unlawful employment practices, as stated in this cause of action, by the Amazon Defendants and Doe defendants, Socarras suffered damages by these defendants' wrongful acts as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

**Sixth Cause of Action**
**FAILURE TO GRANT MEDICAL LEAVE**
**IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT**
**Cal. Gov. Code § 12945.2(a)**
**Against All Defendants**

49.     Plaintiff re-alleges and incorporates into this Cause of Action each and every allegation in the foregoing paragraphs as if fully restated herein.

50.     California Government Code § 12945.2(a) (hereafter "CFRA") makes it an unlawful employment practice for an employer to refuse to grant an employee "up to a total of 12 workweeks in any 12-month period for family care and medical leave." At all times relevant herein, Socarras was entitled to take up to 12 weeks of family medical leave in any 12 month period, having more than 12 months of service with the Amazon Defendants and more than 1,250 hours of service in the

1    12 month period preceding the need for family and medical leave, as required by California

2    Government Code § 12945.2(a).

3        51.    Socarras required family medical leave, as more fully set forth in the preceding

4    paragraphs of this complaint, for his own serious health condition.  Socarras provided the Amazon

5    Defendants with the appropriate notice necessary to invoke his rights and to request protected

6    medical leave.

7        52.    The Amazon Defendants failed to grant Socarras the family care and medical leave to

8    which he was entitled under CFRA by refusing to provide him with any notification regarding his

9    rights under CFRA, failing to provide a calculation of his available, legally mandated time off, failing

10   to explain to plaintiff that he was entitled to reinstatement to his position upon the completion of his

11   leave, and then terminating his employment.

12       53.    As a direct and proximate cause of the unlawful employment practices, as stated in

13   this cause of action, the Amazon Defendants and Doe defendants, Socarras suffered damages by

14   these defendants' wrongful acts as stated in the section below entitled "DAMAGES," which is

15   incorporated here to the extent pertinent as if set forth here in full.

16

### Seventh Cause of Action
### FAILURE TO REINSTATE IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT
### Cal. Gov. Code § 12945.2(a)
### Against All Defendants

19       54.    Plaintiff re-alleges and incorporates into this Cause of Action each and every

20   allegation in the foregoing paragraphs as if fully restated herein.

21       55.    Government Code § 12945.2(a) makes it an unlawful employment practice for an

22   employer to refuse to reinstate an employee or to guarantee the employee "employment in the same

23   or a comparable position upon the termination of the leave."  At all times relevant herein, Socarras

24   was entitled to take up to 12 weeks of family medical leave in any 12 month period, having more

25   than 12 months of service with the Amazon Defendants and more than 1,250 hours of service in the

26   12 month period preceding the need for family and medical leave, as required by California

27   Government Code § 12945.2(a).

28       56.    Socarras required family medical leave, as more fully set forth in the preceding

- 11 -

MCCORMACK & ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

McCormack & Erlich, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

1  paragraphs of this complaint, for his own serious health condition.  Socarras provided the Amazon

2  Defendants with the appropriate notice necessary to invoke his rights and to request protected

3  medical leave.

4      57.    CFRA provides that an employee who takes family medical leave is entitled to the

5  same or equivalent position after the leave.  The Amazon Defendants failed to reinstate Socarras to

6  the same or equivalent position which he was eligible to return after his doctor cleared his to return

7  and instead terminating his employment.

8      58.    Socarras is informed and believes and on that basis alleges that, after his employment

9  with the Amazon Defendants was terminated, his prior position was not eliminated and it remained

10  open.  Socarras further alleges that the purported reason for his termination – unapproved leave – was

11  pretextual and a subterfuge to cover up the Amazon Defendants' true intent to discriminate, retaliate

12  or terminate Socarras, or all of these for invoking his rights protected by CFRA and in violation of

13  CFRA.

14      59.    As a direct and proximate cause of the unlawful employment practices, as stated in

15  this cause of action, bu the Amazon Defendants and Doe defendants, Socarras suffered damages by

16  these defendants' wrongful acts as stated in the section below entitled "DAMAGES," which is

17  incorporated here to the extent pertinent as if set forth here in full.

18

19  **Eighth Cause of Action**
**DISCRIMINATION AND RETALIATION IN VIOLATION**
**OF THE CALIFORNIA FAMILY RIGHTS ACT**

20  **Cal. Gov. Code § 12945.2(l)**
**Against All Defendants**

21      60.    Plaintiff re-alleges and incorporates into this Cause of Action each and every

22  allegation in the foregoing paragraphs as if fully restated herein.

23      61.    Government Code § 12945.2(l) makes it an unlawful employment practice for an

24  "employer to . . . discharge . . . or discriminate against, any individual because of . . . an individual's

25  exercise of the right to family care and medical leave."  At all times relevant herein, Socarras was

26  entitled to take up to 12 weeks of family medical leave in any 12 month period, having more than 12

27  months of service with the Amazon Defendants and more than 1,250 hours of service in the 12 month

28

COMPLAINT FOR DAMAGES

McCORMACK & ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

period preceding the need for family and medical leave, as required by California Government Code § 12945.2(a).

62.   Socarras required family medical leave, as more fully set forth in the preceding paragraphs of this complaint, for his own serious health condition.  Socarras provided his employer, the Amazon Defendants, with the appropriate notice necessary to invoke his CFRA rights and to request CFRA protected leave.

63.   Defendants retaliated against Socarras by fabricating a reason for his termination; by refusing to grant or extend his CFRA leave time; and ultimately by terminating his employment for taking protected medical leave. Socarras alleges that the purported reason for his termination was pretextual and a subterfuge to cover up the Amazon Defendants' true intent to discriminate, retaliate or terminate Socarras, or all of these in violation of the rights protected by CFRA.

64.   As a direct and proximate cause of the unlawful employment practices, as stated in this cause of action, by the Amazon Defendants and Doe defendants, Socarras suffered damages by these defendants' wrongful acts as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

### Ninth Cause of Action
### VIOLATION OF AMERICANS WITH DISABILITIES ACT
### (42 U.S.C. §§ 12101, et seq.)
### Against All Defendants

65.   Plaintiff re-alleges and incorporates into this Cause of Action each and every allegation in the foregoing paragraphs as if fully restated herein.

66.   The Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA"), makes it an unlawful employment practice for an employer to discharge an employee from employment or to otherwise discriminate against an employee in compensation or in terms, conditions, privileges of employment because of the employee's physical disability.

67.   Plaintiff suffers from a "disability" within the meaning and scope of 42 U.S.C. § 12102.  Accordingly, plaintiff is a member of the class of persons protected by 42 U.S.C. § 12112 and § 12203, which make it unlawful for an entity to discriminate against an individual with a

COMPLAINT FOR DAMAGES

McCORMACK & ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

disability in employment, fail to provide reasonable accommodations to persons with disabilities, and retaliate against any individual who opposes any unlawful practices.

68.    Socarras was a disabled individual with a physical disability fully qualified and competent to perform the essential duties to which he was assigned; prior to his disability was performing those job duties; and was fully capable and competent to perform the essential functions of the job had he been allowed to do so with a reasonable accommodation.

69.    Defendants, through their acts and omissions, discriminated against Socarras because of his physical disability in violation of the ADA, by engaging in the course of conduct more fully set forth in the preceding paragraphs of this complaint.

70.    This course of conduct included, but was not limited to: refusing to provide a reasonable accommodation for Socarras's physical disability even though Defendants were aware that his disability would not interfere with his ability to perform the job-related functions of his position; refusing to engage in any interactive process with Socarras about his physical disability; and ultimately terminating his employment, all because of Socarras's physical disability.  Socarras alleges that the purported reason for his termination was pretextual and a subterfuge to cover up Defendants true intent to discriminate, retaliate or terminate Socarras, or all of these in violation of the rights protected by the ADA.

71.    As a direct and proximate cause of the unlawful employment practices as stated in this cause of action by the Amazon Defendants and Doe Defendants, Socarras suffered damages by these defendants' wrongful acts as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

**Tenth Cause of Action**
**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
**Against All Defendants**

72.    Plaintiff re-alleges and incorporates into this Cause of Action each and every allegation in the foregoing paragraphs as if fully restated herein.

73.    It is a fundamental public policy of the State of California as expressed in California Government Code §§ 12940 et seq. as well as the common law of this State, that an employer shall

- 14 -

not discriminate against an individual in any employment decision: on the basis of that person's physical disability; on the basis of that person's request for accommodation because of such physical disability; on the basis of that person's attempts to engage in an interactive process to determine the most reasonable accommodation; on the basis of that person's need to take family medical leave; or because of that person's opposition to unlawful employment practices prohibited by FEHA.

74.    Socarras was a disabled individual fully qualified and competent to perform the essential duties to which he was assigned, prior to his injury was performing those job duties, was a person with a known disability of which defendants were aware, and was fully capable and competent to perform the essential functions of the job had he been reinstated with a reasonable accommodation.

75.    The Amazon Defendants and Doe Defendants, each wrongfully and unlawfully terminated plaintiff's employment because of his physical disability, because of his request for a reasonable accommodation, because of his attempts to engage in an interactive process to determine the most reasonable accommodation; because of his need to take family medical leave; or because of his opposition to the Amazon Defendants unlawful employment practices prohibited by FEHA, all in direct contravention of this State's fundamental public policy, as more fully set forth in the preceding paragraphs of this complaint.

76.    As a direct and proximate cause of the unlawful termination by the Amazon Defendants and defendants DOES 1 through 10, Socarras suffered damages proximately caused by these defendants' wrongful acts as stated in the section below entitled "DAMAGES," which is incorporated here to the extent pertinent as if set forth here in full.

## DAMAGES

77.    For Causes of Action One through Eight, California Government Code § 12965 allows for the recovery of back pay, front pay, injunctive relief, compensatory damages, special damages, general damages, costs, and attorney's fees for an employee who has suffered discrimination, retaliation or discharge in violation of § 12940 et seq.

78.    For the Ninth Cause of Action, the ADA allows for the recovery of back pay, front

- 15 -

McCORMACK & ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

pay, injunctive relief, compensatory damages, special damages, general damages, costs, and

attorney's fees for an employee who has suffered discrimination, retaliation or discharge in violation

of the ADA.

79.     For the Tenth Cause of Action, under California common law, an employee who has

been wrongfully terminated in violation of public policy may recover lost wages, profits,

compensatory damages, and punitive damages.

80.     As a direct and proximate result of the conduct by Defendants of which he complains,

Socarras suffered substantial losses of earnings (past and future), retirement earnings, medical and

health benefits, other employee benefits and consequential compensatory damages.  Socarras will

seek leave to amend this complaint to state the amount or will proceed according to proof at trial.

81.     Socarras suffered emotional distress as a legal result of the conduct by the Defendants

of which he complains.  Socarras will seek leave to amend this complaint to state the amount or will

proceed according to proof at trial.

82.     As a direct and proximate cause of Defendants' unlawful acts as set forth in this

Complaint, Plaintiff is entitled to injunctive relief, including prohibition of Defendants from engaging

in practices described in this complaint.  California Government Code § 12965(b) and (c) allow a

complaining party to seek injunctive relief in order to prevent future discrimination on the part of an

employer.  Pursuant to California Government Code § 12965(c), such relief may include, "a

requirement that the employer conduct training for all employees, supervisors, and management on

the requirements of this part, the rights and remedies of those who allege a violation of this part, and

the employer's internal grievance procedures."

83.     The acts and omissions of Defendants have caused and will continue to cause

irreparable harm to Plaintiff.  Plaintiff has no immediate, adequate or speedy remedy at law to redress

the continuing discriminatory and retaliatory policies and practices of Defendants, and therefore

seeks affirmative and injunctive relief as follows:

(a)     For an injunction restraining Defendants from continuing or maintaining any policy,

        practice, custom or usage which is retaliatory in nature against any employee making a

        complaint when such employee reasonably believes that violations of law related to

- 16 -

COMPLAINT FOR DAMAGES

McCORMACK & ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

1    disability discrimination, requests for reasonable accommodation, or requests to

2    engage in the interactive process;

3    (b)    For an injunction restraining Defendants, along with their supervising employees,

4    agents, and all those subject to their control or acting in concert with them, from

5    causing, encouraging, condoning or permitting the practice of retaliation and willful

6    violation of California labor laws related to disability discrimination, requests for

7    reasonable accommodation, requests to engage in the interactive process or requests

8    for family and medical leave;

9    (c)    For affirmative relief requiring Defendants to conduct training of all employees

10    regarding the harmful nature of retaliating against an employee who reasonably

11    believes that laws related to disability discrimination, requests for reasonable

12    accommodation, requests to engage in the interactive process, or requests for family

13    and medical leave are being violated, and makes complaints to the employer or any

14    governmental regulatory agency.  The proposed plan of education and training should

15    also include training and detection, and correction and prevention of such retaliatory

16    practices;

17    (d)    For affirmative relief requiring Defendants, and each of them, to notify all employees

18    and supervisors, through individual letters and permanent posting in prominent

19    locations in all offices that retaliation violates the California Fair Employment and

20    Housing Act and the consequences of violation of such laws and policies;

21    (e)    For affirmative relief requiring Defendants, and each of them, to develop clear and

22    effective policies and procedures for employees complaining of retaliation or

23    violations of disability discrimination, requests for reasonable accommodation,

24    requests to engage in the interactive process or requests for family and medical leave

25    so they may have their complaints promptly and thoroughly investigated (by a neutral

26    fact finder) and informal as well as formal processes for hearing, adjudication and

27    appeal of the complaints; and

28    (f)    For affirmative relief requiring Defendants, and each of them, to develop appropriate

MCCORMACK & ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

- 17 -

sanctions or disciplinary measures for supervisors or other employees who are found to have committed retaliatory acts, including warnings to the offending person and notations in that person's employment record for reference in the event future complaints are directed against that person, and dismissal where other measures fail.

### PRAYER

**Wherefore**, Socarras prays for judgment as follows:

1.    For a money judgment representing compensatory damages including lost wages, earnings, retirement benefits and other employee benefits, and all other sums of money, according to proof;

2.    For a money judgment for general damages including emotional distress, according to proof;

3.    For an injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with it from engaging in each of the practices complained of in this complaint;

4.    For prejudgment and post-judgment interest;

5.    For costs of suit and attorneys' fees pursuant to California Government Code § 12965(b), 42 U.S.C. § 12205, or any other appropriate authority; and

6.    For any other relief that is just and proper.

### JURY TRIAL DEMAND

Plaintiff Socarras demands trial by jury of all issues, except for attorneys' fees and costs.

Date:   April 25, 2017                     MCCORMACK & ERLICH, LLP

                                           /S/ *Jason Erlich*
                                           _____
                                           By:  Jason M. Erlich, Esq.
                                           Attorney for Plaintiff Francisco Socarras (aka Mesquita)

MCCORMACK & ERLICH, LLP
150 POST STREET, SUITE 742, SAN FRANCISCO, CA 94108
TELEPHONE: (415) 296-8420

- 18 -

COMPLAINT FOR DAMAGES